IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONNIE DEJULIO and FRANK DEJULIO, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT |
| MARINOSCI LAW GROUP, P.C. and SELENE FINANCE LP, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiffs, CONNIE DEJULIO and FRANK DEJULIO by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, MARINOSCI LAW GROUP, P.C. and SELENE FINANCE LP, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

**PARTIES**

5. CONNIE DEJULIO and FRANK DEJULIO (hereinafter "Plaintiffs") are natural persons, over 18-years-of-age, who at all times relevant resided at the property commonly known as 937 North Grace Avenue, Park Ridge, Illinois 60068.

6. MARINOSCI LAW GROUP, P.C. is a professional corporation formed under the laws of the State of Rhode Island. Marinosci Law Group, P.C. has a principal place of business located at 275 West Natick Road, Suite 500, Warwick, Rhode Island 02996.

7. SELENE FINANCE LP is a limited partnership formed under the laws of the State of Delaware. Selene Finance LP has a principal place of business located at 400, 9990 Richmond Avenue, Houston, Texas 77042.

**FACTUAL ALLEGATIONS**

8. On December 15, 2006, Plaintiffs executed a mortgage in favor of Astoria Federal Savings and Loan Association to secure a promissory note in the amount of $535,000.00. The promissory note was payable in monthly installments of principal and interest in the amount of $2,730.73 with a maturity date of January 1, 2037.

9. Subsequently, Plaintiffs defaulted on their mortgage payments, and on March 28, 2012, Astoria Federal Savings and Loan Association filed its Complaint to Foreclose Mortgage to foreclose on the real property commonly known as 937 North Grace Avenue, Park Ridge, Illinois 60068.

10. On August 10, 2012, the Honorable Robert E. Senechalle Jr. entered an Order of Default and Judgment of Foreclosure and Sale.

11. On April 18, 2013, a bankruptcy case concerning Plaintiffs was filed under chapter 11 of the United States Bankruptcy Code.[1] *See* Exhibit A, a true and correct copy of the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors and Deadlines. The schedules filed by Plaintiffs listed Astoria Federal Savings and Loan Association as a creditor holding a secured claim.

12. On June 4, 2013, Astoria Federal Savings and Loan Association filed a proof of claim – amount of arrearage and other charges, as of the time case was filed: $71,301.30; amount of secured claim: $597,367.85. *See* Exhibit B, a true and correct copy of Astoria Federal Savings and Loan Association's Proof of Claim.

13. On August 12, 2013, a Plan of Reorganization was filed. The Plan of Reorganization proposed that Plaintiffs pay Astoria Federal Savings and Loan Association $2,671.79 per month.[2] Additionally, the Plan of Reorganization proposed that Plaintiffs pay Astoria Federal Savings and Loan Association arrearage payments of $594.18 per month.

14. Moreover, the Plan of Reorganization provided that the commencement or continuation of any action to collect, recovery or offset any claims which are provided for by the Plan are enjoined, prohibited and restrained absent Plaintiffs' default *See* Exhibit C, a true and correct copy of Plaintiffs' Plan of Reorganization.

15. On November 26, 2013, Astoria Federal Savings and Loan Association, by and through its attorney, Nisha B. Parikh, an attorney employed by Anselmo Lindberg Oliver, LLC voted

---

[1] Case No. 13-15457 (*In re Frank DeJulio and Connie DeJulio*)

[2] With annual escrow review.

3

to accept Plaintiffs' Plan of Reorganization. *See* Exhibit D, a true and correct copy of Astoria Federal Savings and Loan Association's Chapter 11 Ballot.

16. On December 3, 2013, the Honorable Donald R. Cassling entered an Order Confirming Plan of Reorganization. *See* Exhibit E, a true and correct copy of the Order Confirming Plan of Reorganization. On December 19, 2013, Plaintiffs' chapter 11 bankruptcy case was closed.

17. On December 29, 2014, Astoria Federal Savings and Loan Association assigned and transferred all its right, title and interest to DLJ Mortgage Capital, LLC, in care of Selene Finance LP.

18. On February 24, 2015, DLJ Mortgage Capital, LLC assigned and transferred all its right, title and interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as trustee for BCAT 2014-11TT in care of Selene Finance LP.

19. From January 2014 to present-day, Plaintiffs have unfailingly tendered monthly mortgage payments pursuant to the confirmed Plan of Reorganization.

20. On June 8, 2016 and August 18, 2016, Selene Finance LP sent Plaintiffs correspondence, which provided, in pertinent part:

    The enclosed 2 PERSONAL CHECKS number 5753 and 5754 (and 5783 and 5784) received on 06/06/16 (and 08/16/16) in the amount of $2,561.94 and $594.18 is being returned to you as the payment is less than the amount required to cure the default on your loan, was not certified funds, or was not the agreed upon amount.

    *See* Exhibit F, a true and correct copy of Selene Finance LP's June 8, 2016 and August 16, 2016 correspondence.

21. On August 30, 2016, Selene Finance LP, by and through its attorneys, Marinosci Law Group, P.C. sent Plaintiffs a Notice of Sale providing that "pursuant to a Judgment of Foreclosure and Sale entered *** on August 10, 2012, The Judicial Sales Corporation, will

4

at 10:30 AM on September 28, 2016, *** sell at public auction 937 North Grace Avenue, Park Ridge, Illinois 60068." *See* Exhibit G, a true and correct copy of Selene Finance LP's August 30, 2016 Notice of Sale.

22. In response, Plaintiffs were forced to reopen the chapter 11 bankruptcy case for the limited purpose of enforcing the confirmed plan of reorganization. On September 27, 2016, the Honorable Donald R. Cassling entered an order temporarily restraining Selene Finance LP from continuing its mortgage foreclosure proceedings.

23. Marinosci Law Group, P.C. and Selene Finance LP's actions and inactions have resulted in significant harm to Plaintiffs.

24. Specifically, Marinosci Law Group, P.C. and Selene Finance LP's actions and inactions are the proximate causation of Plaintiffs' damages, including, but are not limited to:

  (1) anxiety;

  (2) emotional distress;

  (3) inconvenience;

  (4) mental anguish; and

  (5) monetary damages (e.g., attorney's fees, reopen fees, quarterly fee(s) to the United States Trustee Program);

**COUNT I – MARINOSCI LAW GROUP, P.C.'S
VIOLATION(S) OF 15 U.S.C. § 1692e(5)**

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

28. The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. Marinosci Law Group, P.C. is a "debt collector as defined by 15 U.S.C. § 1692a(6).

30. Marinosci Law Group, P.C. is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

31. Marinosci Law Group, P.C. violated 15 U.S.C. § 1692e(5) by threatening to take an action – judicial sale – that cannot legally be taken – pursuant to Plaintiffs' confirmed Plan of Reorganization.

32. Plaintiffs may enforce the provisions of 15 U.S.C. § 1692e(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of

   (1) any actual damage sustained by such person as a result of such failure;

   (2)

       (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

   (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs request the following relief:

a. find that Marinosci Law Group, P.C. violated 15 U.S.C. § 1692e(5);

b. award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c. award any other relief deemed appropriate and equitable.

## COUNT II – MARINOSCI LAW GROUP, P.C.'S
## VIOLATION(S) OF 15 U.S.C. § 1692f(1)

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Marinosci Law Group, P.C. violated 15 U.S.C. § 1692f(1) by using unfair or unconscionable means (e.g., the continuation of mortgage foreclosure proceedings) notwithstanding Plaintiffs' confirmed Plan of Reorganization – enjoining, prohibiting, and restraining the continuation of any action to collect, recovery or offset any claims which are provided for by the Plan.

35. Plaintiffs may enforce the provisions of 15 U.S.C. § 1692f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of

    (1) any actual damage sustained by such person as a result of such failure;

    (2)

        (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

    WHEREFORE, Plaintiffs request the following relief:

    a. find that Marinosci Law Group, P.C. violated 15 U.S.C. § 1692f(1);

    b. award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

    c. award any other relief deemed appropriate and equitable.

### COUNT III – SELENE FINANCE LP'S
### VIOLATION(S) OF 15 U.S.C. § 1692e(5)

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

38. The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. Selene Finance LP. is a "debt collector as defined by 15 U.S.C. § 1692a(6).

40. Selene Finance LP is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

41. Selene Finance LP violated 15 U.S.C. § 1692e(5) by threatening to take an action – judicial sale – that cannot legally be taken – pursuant to Plaintiffs' confirmed Plan of Reorganization.

42. Plaintiffs may enforce the provisions of 15 U.S.C. § 1692e(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of

    (1) any actual damage sustained by such person as a result of such failure;

    (2)
      (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs request the following relief:

a. find that Selene Finance LP violated 15 U.S.C. § 1692e(5);

b. award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c. award any other relief deemed appropriate and equitable.

## COUNT IV – SELENE FINANCE LP'S VIOLATION(S) OF 15 U.S.C. § 1692f(1)

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. Marinosci Law Group, P.C. violated 15 U.S.C. § 1692f(1) by using unfair or unconscionable means (e.g., the continuation of mortgage foreclosure proceedings) notwithstanding Plaintiffs' confirmed Plan of Reorganization – enjoining, prohibiting, and restraining the continuation of any action to collect, recovery or offset any claims which are provided for by the Plan.

45. Plaintiffs may enforce the provisions of 15 U.S.C. § 1692f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs request the following relief:

a. find that Selene Finance LP violated 15 U.S.C. § 1692f(1);

    b.    award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

    c.    award any other relief deemed appropriate and equitable.

### COUNT V – SELENE FINANCE LP'S VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

46.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47.    Plaintiffs are "persons" as defined by 815 ILCS §505/1(c).

48.    Plaintiffs are "consumers" as defined by 815 ILCS §505/1(e).

49.    Selene Finance LP is engaged in "commerce" as defined by §815 ILCS 505/1(f).

50.    It was immoral, oppressive, unethical, unfair and unscrupulous – and against public policy – for Selene Finance LP to continue mortgage foreclosure proceedings notwithstanding Plaintiffs' payments pursuant to the confirmed Plan of Reorganization.

51.    It was immoral, oppressive, unethical, unfair and unscrupulous – and against public policy – for Selene Finance LP to continue mortgage foreclosure proceedings in contravention of Plaintiffs' confirmed Plan of Reorganization, which enjoins, prohibits, and restrains the commencement of any action to collect, recovery or offset any claims which are provided for by the Plan.

52.    Selene Finance LP's unfair actions violate public policy and shed light on an industry where business decisions are driven by profit, with complete disregard for consumers, where mundane but unusual issues go unheeded – with the consumer suffering the consequences, as month after month these mortgage servicers refuse payments, assess late

charges and default fees, demand incorrect amounts, misapply payments and ultimately, commence mortgage foreclosure proceedings.

53. Any person who suffers actual damage as a result of a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act may bring an action against such person. The court, in its discretion, may award actual economic damages or other relief which the court deems proper.

54. An award of actual damages is appropriate as Selene Finance LP's unfair actions are the proximate causation of Plaintiffs' damages, including, but are not limited to: (1) anxiety; (2) emotional distress (e.g., aggravation, confusion and humiliation); (3) inconvenience; (4) mental anguish; and (5) monetary damages (e.g., attorney's fees, filing fees, quarterly fee(s) to the United States Trustee Program);

55. An award of punitive damages is appropriate as Selene Finance LP's unfair actions were outrageous, wanton and willful, and showed a conscious disregard and indifference for the rights of Plaintiffs, and consumers generally.

56. Selene Finance LP's unfair actions showed a conscious disregard and indifference for the rights of Plaintiff, and consumers as:
    a. consumers reasonably anticipate that banks and mortgage servicers will communicate accurately and truthfully regarding their accounts;
    b. consumers reasonably anticipate that banks and mortgage servicers will not use false, deceptive or misleading representations or means regarding their accounts; and
    c. consumers reasonably anticipate that banks and mortgage servicers will make honest efforts to resolve any and all disputes expeditiously and impartially.

WHEREFORE, Plaintiff requests the following relief:

a. find that Selene Finance LP's unfair actions violate the Illinois Consumer Fraud and Deceptive Business Practices Act;

b. award actual, and punitive damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

c. award any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

October 31, 2016                                      Respectfully submitted,

                                                      */s/ Joseph Scott Davidson*

                                                      Joseph Scott Davidson
                                                      SULAIMAN LAW GROUP, LTD.
                                                      900 Jorie Boulevard
                                                      Suite 150
                                                      Oak Brook, Illinois 60523
                                                      +1 630-575-8181
                                                      jdavidson@sulaimanlaw.com

                                                      *Counsel for Connie and Frank DeJulio*